UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHARON COUCH and DICKEY COUCH, § § § | |
| Plaintiffs, § § | Civil Action No. 4:24-cv-00414-O |
| v. § § | |
| ALTISOURCE ONLINE AUCTION, INC. and JOHN DOE, § § § | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion for a Preliminary Injunction (ECF No. 13)[1], filed July 22, 2024; Defendant's Response and Objection (ECF No. 15), and Appendix in Support (ECF No. 16), filed August 5, 2024; and Plaintiffs' Reply (ECF No. 17), filed August 9, 2024. Having considered the briefing and applicable law, the Court **DENIES** Plaintiffs' Motion for Injunction (ECF No. 13).

## I.   BACKGROUND[2]

Plaintiffs have filed four lawsuits, the first three against The Bank of New York Mellon ("BNYM"). All of which are based on the same allegations. Plaintiffs first filed suit in 2014 in the

---

[1] To the extend Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 12) is an attempt to request a separate temporary restraining order, The Court also denies that motion for the reasons stated in this order.

[2] Unless otherwise indicated, the recitation of background facts is taken from Plaintiffs' Complaint (ECF No. 1), Plaintiffs' Motion for Preliminary Injunction (ECF Nos. 13), and Plaintiffs' Reply in Support of Motion for Preliminary Injunction (ECF No. 17). Some facts recited herein are drawn from matters of public record of which judicial notice may be properly taken, such as prior court proceedings, pleadings, opinions, orders, and judgments attached to the motion to dismiss or otherwise appearing in the record thereof. *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam).

96th Judicial District Court of Tarrant County, Texas to prevent the foreclosure of the subject Property. The First Action was properly removed by Defendants to the United States District Court for the Northern District of Texas, Fort Worth Division and that lawsuit concluded when Plaintiffs' claims were dismissed with prejudice and a final judgment was entered allowing the foreclosure of the Property.

In November 2019, Plaintiffs filed a Second Action in the 236th Judicial District Court for Tarrant County, Texas. The matter was properly removed by Defendants to the United States District Court for the Northern District of Texas, Fort Worth Division, and concluded with a Judgment on the Pleadings in favor of Defendants, dismissing all of Plaintiffs' claims with prejudice, and a Final Judgment allowing Defendant to proceed with judicial foreclosure of the Property.

In January 2024, Plaintiffs filed a Third Action against Defendants in the County Court at Law of Tarrant County, Texas. Defendant properly removed the Third Action to this Court on January 25, 2024. In the Third Action, Plaintiffs once again challenged Defendant's right to foreclose and purchase the Property. After hearing oral arguments on March 5, 2024, this Court denied Plaintiffs request for injunctive relief finding that Plaintiffs were unlikely to succeed on the merits. On May 15, 2024, this Court granted Defendant's motion for judgment on the pleadings and dismissed all of Plaintiffs' claims with prejudice. That decision was appealed to the United States Court of Appeals for the Fifth Circuit on May 17, 2024.

In an extraordinary abuse of judicial resources, Plaintiffs filed the Current Action, their fourth lawsuit, on April 29, 2024, in the County Court at Law of Tarrant County, Texas. Defendant properly removed the Current Action to this Court on May 8, 2024. In the Current Action, Plaintiffs bring claims against Defendants for trespass to try title based on the same adverse possession

argument asserted and rejected in the Third Action. Plaintiffs seek attorneys' fees and a declaration that Defendants have no claim to the subject Property.

## II.   LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will only be granted if the movant carries its burden on all four requirements. *Nichols v. Alcatel USA, Inc*., 532 F.3d 364, 372 (5th Cir. 2008). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits[.]" *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A plaintiff must demonstrate (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *Robinson v. Ardoin*, 86 F.4th 574, 587 (5th Cir. 2023); *Air Prods. & Chems., Inc. v. Gen. Servs. Admin.*, No. 2:23-CV-147-Z, 2023 WL 7272115, at *2 (N.D. Tex. Nov. 2, 2023). The movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

The Fifth Circuit held that "[t]he party seeking [injunctive] relief must satisfy a cumulative burden of proving each of the four elements enumerated before a … preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Miss. Power & Light Co.*, 760 F.2d at 621). That said, no factor has a "fixed quantitative value." *Mock v. Garland*, 75 F.4th 563, 587 (5th Cir. 2023). On the contrary, "a sliding scale is utilized, which takes into account the intensity of each in a given calculus." *Id.* In sum, "[t]he decision to grant or deny a preliminary injunction lies within the sound discretion of the trial court[.]" *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

### III.    ANALYSIS

**A. The Plaintiffs do not have a substantial likelihood of prevailing on the merits based on their claims being barred by *res judicata*.**

As a preliminary matter, the Court may appropriately consider whether *res judicata* bars Plaintiffs' claims at this stage in the litigation. *Res judicata* is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)). Even so, "dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). Accordingly, at this preliminary injunction stage of litigation, it is proper for the Court to consider whether the underlying claims are subject to dismissal when conducting an analysis of whether those claims are likely to prevail on the merits. *See Morlock L.L.C. v. Bank of Am., N.A.*, No. H-14-1678, 2014 U.S. Dist. LEXIS 180005 (S.D. Tex. Oct. 29, 2014) (dismissing plaintiff's request for injunctive relief because the underlying claims were subject to dismissal).

Furthermore, Hubzu USA, Inc., a former party to this case, filed an answer to Plaintiffs' Original Petition where they raised *res judicata* in their answer.[3] Hubzu USA Inc. was removed from this Action pursuant to the Court's order granting the unopposed motion to substitute a party.[4] A review of the docket shows that Defendant Altisource Online Auction, Inc. ("AOA") has not filed an answer to Plaintiffs' Original Petition since it has been added to this suit. Defendant raises *res judicata* as an affirmative defense in its response and objection, pointing to facts in the several

---

[3] Def.'s Resp. Ex. I at 2, ECF No. 1.
[4] ECF No. 14.

4

previous lawsuits[5]—all of which the Court properly takes judicial notice as matters of public records from a prior proceeding. *See Kahn*, 772 F. App'x at 142 (noting that judicial notice of public records in state proceedings is proper); *Anderson*, 953 F.3d at 314 (authorizing judicial notice of prior judgment, opinions, and other matters of public record attached to a motion to dismiss). Plaintiffs merely argue in their reply that *res judicata* does not apply in this case because Defendant has failed to plead *res judicata* as an affirmative defense in response to Plaintiffs' Original Complaint, therefore barring Defendant from raising the issue of *res judicata* in response to Plaintiffs' request for preliminary injunction.[6]  Since Hubzu USA, Inc. previously raised *res judicata* as an affirmative defense in their answer[7], and AOA has not yet filed an answer and is represented by the same counsel[8] as Hubzu USA, Inc., and based on proper judicially noticed facts, the Court may consider the *res judicata* issue at this stage.

A final judgment in favor of a defendant operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, because "res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Here, all four elements are met.

---

[5] Def.'s Resp. at 10, ECF No. 15.
[6] Pls.' Reply in Supp. Of Mot. For Prelim. Inj. at 2, ECF No. 17.
[7] Def.'s Resp. Ex. I at 2, ECF No. 1.
[8] Def.'s Mot to Sub. Party, ECF No. 11.

### i. The parties are identical or in privity.

Texas law has firmly established that the doctrine of *res judicata* forbids a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit. *See Mason v. Wells Fargo Bank, N.A.*, No. 416CV00699ALMCAN, 2016 WL 7664305, at *4 (E.D. Tex. Dec. 13, 2016); *see also Witherspoon v. Specialized Loan Servicing LLC*, No. CV H-17-2675, 2018 WL 2985893, at *3 (S.D. Tex. Apr. 12, 2018). After the Court affirmed BNYM's right to enforce its rights in the Property by evicting Plaintiffs, BNYM hired AOA to assist in exercising its right to convey the Property.[9] Plaintiffs' have repeatedly sued BNYM to stop it from exercising its rights to the Property, and now that those suits have failed, Plaintiffs now sue AOA in an attempt to preclude BNYM from exercising its rights in the Property—rights it has successfully adjudicated on several occasions.[10] In further exercise of those rights, BYNM has hired AOA to perform certain functions related to the Property.[11] By suing and seeking to enjoin AOA, Plaintiffs ultimately seek to enjoin BYNM from exercising its rights in the Property. BNYM seeks to exercise its rights through AOA, and Plaintiffs' attempt to enjoin AOA is improper because courts have repeatedly found BNYM possess the rights it seeks to exercise through AOA. Therefore, any rights AOA seeks to exercise in the Current Action are derivative of the rights BNYM successfully protected in the previous lawsuits, and AOA is in privity with BNYM. *See Koncak v. Deutsche Bank*, No. 3:14-CV-3289-B, 2015 WL 11120868, at *4 (N.D. Tex. Nov. 13, 2015)("That is to say, Ocwen is only empowered to foreclose on the Property if Deutsche is authorized to do so. […] Consequently, Ocwen has no interest in the Second Action independent of Deutsche's own authority to foreclose on the Property. Deutsche

---

[9] Def.'s App. Ex. Z at App. 722-723, ¶¶ 2-3, ECF No. 16.
[10] Def.'s Resp. at 2-7, ECF No. 15.
[11] Def.'s App. Ex. Z at App. 722-723, ¶¶ 2-3, ECF No. 16.

already defended this precise interest in the First Action, and so the Court concludes that Ocwen is also in privity with Deutsche […]").

### ii. The Judgment in The Prior Action was Rendered by a Court of Competent Jurisdiction.

The prior judgments were issued by this Court, a court of competent jurisdiction.[12] The Court relies on facts drawn from matters of public record, including the many prior court proceedings, of which judicial notice has been properly taken to make this determination.

### iii. The Prior Action was Concluded by a Final Judgment on the Merits.

A dismissal which is designated "with prejudice" is normally an adjudication on the merits for purpose of *res judicata*. *Kaul v. Fed'n of State Med. Bds.*, Civil Action No. 4:21-cv-00057-O-BP, 2021 U.S. Dist. LEXIS 251139 at *4 (N.D. Tex. Sep. 17, 2021)(citing *Brooks v. Raymond Dugat Co.* LC, 336 F.3d 360, 362 (5th Cir. 2003). In the First Action, a Final Judgment was entered by the Court dismissing Plaintiffs' claims with prejudice.[13] Further, the Final Judgment entered by the Court in the First Action allowing BNYM to foreclose on the Property was final and on the merits, since it was not appealed.[14] In the Second Action, the Court entered an Amended Final Judgment allowing BNYM to proceed with judicial foreclosure as a result of an order striking Plaintiffs' answer to the counterclaim. The Amended Final judgment was final, not appealed and on the merits.[15] In the Third Action, the court entered a Final Judgment granting BNYM's motion for judgment on the pleadings and dismissing all of Plaintiffs' claims, with prejudice.[16]

---

[12] *See* Def.'s App. Ex. U at App. 458, ECF No. 16.
[13] *Id*. at App. 86, ("all claims and causes of action asserted by plaintiff against defendants, Ocwen Loan Servicing, LLC and the Bank New York Mellon, in the above-captioned action be, and hereby, dismissed with prejudice.")
[14] *Id.*; *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp*., 960 F.2d 1286, 1293 (5th Cir. 1992) (holding that an unappealed order is a final judgment on the merits for *res judicata* purposes).
[15] *Id*. at App. 448.
[16] *Id.* at App. 714.

#### iv. The Same Claim or Cause of Action was Involved in Both Actions.

To determine whether the same claim or cause of action is involved, the Fifth Circuit utilizes the Restatement (Second) of Judgment's transactional test. *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004). "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.'" *Id.* at 395-96. The critical issue is not the relief requested or the theory asserted by the plaintiff, but whether the plaintiff bases the two actions on the "same nucleus of operative facts." *In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).

Plaintiffs' claims and arguments in this Current Action are based on nearly identical claims that were raised in the Third Action. In support of their Motion, Plaintiffs allege that they have superior title as owners of the Property through adverse possession.[17] Plaintiffs' Motion admits that they raised the same adverse possession argument in the Third Action.[18] Although this Court recently rejected Plaintiffs' argument that the five-year statute of limitations of adverse possession began running on November 1, 2015, Plaintiffs stunningly now assert the same argument in the Current Action, less than 3 months after the most recent Final Judgment was entered.[19]

Additionally, Plaintiffs' attacks on Defendant's ability to foreclose were previously litigated more than once and are now barred by *res judicata*. This Court examined individually each of Plaintiffs' claims against BNYM and dismissed them all with prejudice, including Plaintiffs' claim for declaratory judgment that BNYM was not authorized to proceed with

---

[17] Pls.' Mot. For Prelim. Inj. at ¶2.4, ECF No. 13.
[18] *Id.* at ¶ 1.12.
[19] *See Id.* at 5.

foreclosure.[20] As to BNYM's counterclaim for foreclosure, in the First Action, this Court concluded that: "BONYM has satisfied all of the prerequisites and conditions entitlement it pursuant to the Texas Home Equity Security Instrument recorded as document number D205292564 in the real Property record of Tarrant County, Texas ("Security Instrument") and section 51.002 of the Texas Property Code to conduct a non-judicial foreclosure on the Property located at 9845 Ray White Road, Keller, TX."[21] Further, this Court concluded that BNYM was authorized to foreclose the Property and that such foreclosure shall divest Plaintiffs' rights in the Property.[22] In the Second and Third Actions, this Court confirmed the prior ruling and entered final judgments allowing BNYM to evict Plaintiffs and proceed with foreclosure of the Property.[23] This Court repeatedly declared that BNYM's interest in the Property is valid and enforceable, and that all rights that Plaintiffs could have in the Property were subject to BNYM's right to foreclose the Property.[24]

Accordingly, Plaintiffs' claims in the Current Action were already litigated, dismissed with prejudice, and barred by *res judicata*. Because Plaintiffs' claims are barred by *res judicata*, Plaintiffs cannot establish any likelihood of success on the merits warranting injunctive relief. *See Morlock L.L.C. v. Bank of Am., N.A.*, No. H-14-1678, 2014 U.S. Dist. LEXIS 180005 at *15 (S.D. Tex. Oct. 29, 2014) (dismissing plaintiff's request for injunctive relief because the underlying claims were subject to dismissal); *Roberts v. McKinney Hous. Auth.*, 4:07CV15, 2007 WL 1795691, at *2 (E.D. Tex. June 20, 2007) (concluding that the plaintiff could not show substantial likelihood of success on the merits because that would require the court to supersede a lawful

---

[20] *See* Def.'s App. Ex. E, F, O, P, R, S, ECF No. 16.
[21] *Id.* at Ex. F.
[22] *Id.* at 2.
[23] *See id.* at Ex. O, P, R, T, U.
[24] *Id.*

9

judgment of a state court and claims were barred by the doctrine of *res judicata*); *Reyna v. Bank of Am.*, 4:13CV257, 2013 WL 12122419, at *1 (E.D. Tex. July 1, 2013) ("Plaintiff has not set forth any other reasons in his second motion that would establish a likelihood of success on the merits to justify a restraining order," where Plaintiff could not overcome assertion that claims were barred by *res judicata*).

### IV. CONCLUSION

Having considered the arguments, evidence, and applicable law, the Court concludes that the Plaintiffs have not met their burden of proving each of the four elements for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(d). For the foregoing reasons, the Court **DENIES** Plaintiffs Motion for Preliminary Injunction (ECF No. 13).

**SO ORDERED** on this **19th** day of **August, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**